UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHANE AMIDON | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| vs. | : | No. 1:18-cv-02138-UN1 |
| | : | |
| THE GOOD YEAR TIRE & RUBBER COMPANY and GOODYEAR COMMERCIAL TIRE AND SERVICE CENTER #078 | : | (Hon. Jennifer P. Wilson) |
| | : | |
| Defendants | : | |

**PLAINTIFF'S AMENDED CIVIL COMPLAINT**

AND NOW, comes the Plaintiff, Shane Amidon, by and through his attorneys, Jaime D. Jackson, Esquire, and Jeff Pomeroy, Esquire and files the following Complaint and states as follows:

**PARTIES TO THE CAUSE OF ACTION**

1. Plaintiff Shane Amidon is an adult individual residing at 210 Deerwood Drive, Baldwinsville, NY 13027.

2. Defendant, The Goodyear Tire & Rubber Company (hereinafter "Goodyear"), was and is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business in Akron, Ohio. Defendant, The Goodyear Tire & Rubber Company may be served with process at: Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

3. Defendant, Goodyear Commercial Tire and Service Center #078 (hereinafter "Goodyear Service Center") was and is a corporation existing under the laws of the State of

Pennsylvania, with its principal place of business located at 7709 Rear Linglestown Road, Harrisburg, PA 17112.

4. Goodyear is one of the world's leading tire companies with operations in most regions of the world. In addition to developing, manufacturing, marketing, and distributing tires and rubber-related chemicals, Goodyear also owns and operates approximately 1,100 tire and auto service center outlets.

5. Among those 1,100 tire and auto service center, Goodyear owns and operates over 180 Commercial Tire and Service Center located throughout the United States. 7 of these Commercial Tire and Service Centers are located in the Commonwealth of Pennsylvania, including Goodyear Service Center #078 where the events giving rise to this lawsuit occurred.

## STATEMENT OF JURISDICTION AND VENUE

6. At all times material hereto, Defendant Goodyear was engaged in the business of manufacturing, marketing, distributing, selling, and/or introducing into interstate commerce, either directly or indirectly, commercial and consumer tires, specialty tires, and various automotive services including but not limited to tire and retread repair, sale of new and used tires and retreads, wheel replacement, wheel refurbishing, and more generally, preventive maintenance for various types of vehicles, including commercial trucks.

7. At all times material hereto, Defendant Goodyear owns and operates 7 Goodyear Commercial Tire and Service Centers in the Commonwealth of Pennsylvania which offer the aforementioned goods and services.

8. At all times material hereto, Defendant Goodyear conducted and continues to conduct substantial and continuous business in the Commonwealth of Pennsylvania.

9. The Court has jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. § 1332 based on diversity of citizenship and an amount in controversy that exceeds $75,000.00 exclusive of interest and costs.

10. The Court has jurisdiction over Defendant The Goodyear Tire & Rubber Co. has consented to jurisdiction pursuant to 42 Pa.C.S.A. § 5301 because Goodyear is registered as a foreign corporation to do business in the Commonwealth of Pennsylvania.

11. Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391(a)(2) because Dauphin County was the county in which the events took place giving rise to this action.

## STATEMENT OF FACTS

12. This action arises from an injury that occurred on or about April 5, 2017, at the Goodyear Tire and Service Center #078 (hereinafter "Goodyear Service Center") located at 7709 Rear Linglestown Road, Harrisburg, PA 17112.

13. At the time of the alleged incident, Mr. Amidon, who at the time was a self-employed independent tractor trailer owner-driver, was at the Goodyear Service Center having a tire repair completed.

14. As Mr. Amidon exited the office, an employee at the Goodyear Service Center tossed a large tire over a railing from the second floor. See photograph below illustrating the office and the tire:



15.     The tire struck the Plaintiff, Mr. Amidon, in the back of his head, his neck, and part of his back.

16.     Mr. Amidon was knocked unconscious.

17.     Mr. Amidon does not remember every detail about what happened after he was struck, but he remembers going back into the office to speak with the manager, and he remembers taking photographs of the tire and the area where he was struck by the tire.

18.     Mr. Amidon delivered the load he was transporting that day, April 5, 2017.

19.     During the next 2 days, Mr. Amidon experienced bad headaches, photophobia, dizziness, and pain in his neck and shoulder.

20. Mr. Amidon continued working until April 8, 2017, when he went to Crouse Hospital in Syracuse, NY, where he was diagnosed with clinical signs and symptoms indicating a concussion and a cervical/shoulder strain.

21. Mr. Amidon saw, and continues to see multiple specialists as a result of being struck in the back of the head and neck by the tire.

22. As a result of the incident, Mr. Amidon suffered severe injuries including, mild traumatic brain injury/concussion, post-concussion syndrome with mixed anxiety and depressed mood, post-traumatic stress disorder, cervical spine sprain/strain, left shoulder posterior instability with posterior labral tear, and left knee sprain/strain.

23. The injuries sustained by Plaintiff, Shane Amidon, were the direct and proximate result of the negligence and carelessness of Defendants, and its employee at the Goodyear Commercial Tire and Service Center #078.

24. As a result of this incident, Plaintiff continues to experience daily headaches, sensitivity to light and sound, pain in his left knee, lower back, neck and shoulder, vision problems, memory difficulties, and panic attacks.

## COUNT I

**Shane Amidon v. The Goodyear Tire & Rubber Company and Goodyear Commercial Tire and Service Center #078**

**NEGLIGENCE/VICARIOUS NEGLIGENCE**

25. Paragraphs 1-24 are incorporated herein by reference.

26. At all times relevant hereto, Defendant Goodyear acted through its agents, servants, and employees.

27. At all times relevant hereto, Plaintiff Shane Amidon was a business invitee of Goodyear Service Center located at 7709 Rear Linglestown Road, Harrisburg, PA 17112.

28. At all times relevant hereto, Defendants Goodyear and Goodyear Service Center had a duty to all persons on the property and premises to safely conduct business without creating unsafe and hazardous conditions.

29. At all times relevant hereto, Defendants Goodyear and Goodyear Service Center had a duty to all persons on the property to use reasonable care while conducting business activities and protect persons on the property from dangerous conditions.

30. At all times relevant hereto, Defendants Goodyear and Goodyear Service Center knew or should have known that its employees were engaging in dangerous business activities, and that persons on the property would be in close proximity to these activities.

31. Defendants Goodyear and Goodyear Service Center, by and through its employees, breached its duty of care owed to Plaintiff Shane Amidon in the following ways:

    a. Striking Plaintiff with the tire;

    b. Failing to keep a proper lookout at the service center while moving the tire;

    c. Failing to follow safety procedures;

    d. Failing to exercise due care and caution while conducting their business;

    e. Creating an unsafe, hazardous, and dangerous condition for persons on the property including Plaintiff.

32. The injuries sustained by Plaintiff Shane Amidon, as more fully described herein, were the direct and proximate result of the negligence and carelessness of Defendants Goodyear and Goodyear Service Center and its employees.

33. As a direct and proximate result of the negligence and carelessness of Defendants Goodyear, Goodyear Service Center and its employees, Plaintiff Shane Amidon has incurred costs and expenses for medical care and Plaintiff will continue to incur costs for care and treatment in the future.

34. As a direct and proximate result of the negligence and carelessness of Defendants Goodyear, Goodyear Service Center and its employees, Plaintiff Shane Amidon has incurred a loss of earning and a loss of earning capacity.

35. As a direct and proximate result of the negligence and carelessness of Defendants Goodyear, Goodyear Service Center and its employees, Plaintiff Shane Amidon has endured extreme pain, suffering, mental and emotional distress and anxiety, embarrassment, humiliation, scarring and disfigurement, and loss of enjoyment of life's pleasures.

WHEREFORE, Plaintiff Shane Amidon demands judgment against Defendants The Goodyear Tire & Rubber Company and Goodyear Commercial Tire and Service Center #078 in an amount in excess of $75,000 and interest and costs thereon, and punitive damages, as allowed by law.

## COUNT II

### Shane Amidon v. The Goodyear Tire & Rubber Company and Goodyear Commercial Tire and Service Center #078

### NEGLIGENCE

36. Paragraphs 1-35 are incorporated herein by reference.

37. At all times relevant hereto Defendants Goodyear and Goodyear Service Center had a duty to hire qualified employees, properly train its employees, and properly supervise its employees.

38. Defendants Goodyear and Goodyear Service Center were negligent in hiring or training and supervisions of its employees as follows:

    a. Failing to hire qualified employees;

    b. Failing to properly and/or adequately train its employees on how to safely perform their employment duties;

    c. Failing to properly supervise its employees;

    d. Failing to properly formulate, adopt, and enforce adequate policies and procedures to ensure that employees conducting their duties would not create unsafe and/or hazardous conditions;

    e. Failing to conduct a background check on its employees;

    f. Failing to properly oversee employees to ensure that employees are not engaging are not creating unsafe and/or hazardous conditions.

39. As a direct and proximate result of the negligence and carelessness of Defendants Goodyear and Goodyear Service Center, Plaintiff Shane Amidon has incurred costs and expenses for medical care and will continue to incur costs for care and treatment in the future.

40. As a direct and proximate result of the negligence and carelessness of Defendants Goodyear and Goodyear Service Center, Plaintiff Shane Amidon has incurred a loss of earning and a loss of earning capacity.

41. As a direct and proximate result of the negligence and carelessness of Defendants Goodyear and Goodyear Service Center Plaintiff Shane Amidon has endured extreme pain, suffering, mental and emotions distress and anxiety, embarrassment, humiliation, scarring and disfigurement, and loss of enjoyment of life's pleasures.

WHEREFORE, Plaintiff Shane Amidon demands judgment against Defendants The Goodyear Tire & Rubber Company and Goodyear Commercial Tire and Service Center #078 in an amount in excess of $75,000 and interest and costs thereon, and punitive damages, as allowed by law.

Respectfully submitted:

Dated: 5/11/21

JAIME JACKSON LAW, LLP

By:  /s/ Jaime D. Jackson
     Jaime D. Jackson, Esquire
     Attorney for Plaintiff
     P O Box 248
     Landisville, PA 17538
     (717) 519-7254
     I.D. No. 80448

GREENE & REID, PLLC

By:  /s/ Jeffrey G. Pomeroy
     Jeffrey G. Pomeroy
     Attorney for Plaintiff
     173 Intrepid Lane
     Syracuse, NY 13205
     I.D. No. 209846

ATLEE HALL, LLP

By: /s/ Jeff Gutkowski
      Jeff Gutkowski, Esquire
      Attorney for Plaintiff
      415 North Duke Street
      Lancaster, PA 17602
      (717) 393-9596
      I.D. No. 208027

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was filed electronically and served upon the below via the Court's electronic filing service:

John C. McMeekin, II, Esquire
jmcmeekin@rawle.com
Charles A. Fitzpatrick, III, Esquire
cfitzpatrick@rawle.com
Rawle & Henderson LLP
The Widener Bldg., One South Penn Square
Philadelphia, PA 19107
(215) 575-4200
(Attorneys for Defendants, The Goodyear Tire & Rubber Company (also incorrectly identified as Goodyear Commercial Tire and Service Center #078))

Jeffrey G. Pomeroy, Esquire
jpomeroy@greenereid.com
Greene & Reid, PLLC
173 Intrepid Lane
Syracuse, NY 13205

Dated: 5/11/21                    ATLEE HALL, LLP

                                  By:   /s/Jeff Gutkowski
                                        Jeff Gutkowski, Esquire
                                        Attorneys for Plaintiff
                                        415 North Duke Street
                                        Lancaster, PA 17602
                                        (717) 393-9596
                                        I.D. No. 208027